# DAVID JONES

*v.*

# THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Mt. Vernon September 27, 1884.*

1. MINING STATUTE—*construction of section 2, as limiting the right to contract for wages on a basis other than the weight of the coal—constitutionality.* Section 2 of "An act to provide for the weighing of coal at the mines," of the laws of 1883, is not open to the constitutional objection of depriving coal operators of their right to make special contracts. That section does not require that the wages under all contracts shall be computed upon the basis of the weight of the coal mined. It only applies to cases where, by contract, the wages are to be paid according to the weight of coal mined.

2. That act leaves it free for the owner or operator of a coal mine to make contracts with his employes to mine coal for whatever may be agreed upon between them,—by the day, week, month, year, or by the box, or in any other manner that may be agreed upon between them. Where the contract is for the paying of wages in some other way than according to the weight of the coal dug, the purpose of the act would seem to fail, and its provisions do not apply.

3. On the trial of an operator of a coal mine for not providing a "track scale," etc., so that the weight of coal of each miner might be ascertained, the court refused to allow the defendant to prove that for nine years prior thereto the corporation owning and operating the mine had a contract with all the men employed to mine coal during that period, to receive as the wages for their labor from the coal company forty cents for each box of coal mined and taken from the mine; that the miners had always been, and were then, satisfied to work under such contract, and that they did not want the coal weighed, as a basis upon which to compute their wages, etc.: *Held,* that it was error to exclude the proposed evidence, as its admission would have shown a case to which the statute did not apply.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. WILDERMAN & HAMILL, for the appellant, contended, at some considerable length, that the act of ·1883, relating to mines, etc., was unconstitutional. If sustained, it will deprive every coal operator in the State of the power to make

any contracts to have coal mined, except the wages of the miners be computed upon the weight of the coal mined,— citing 1 Cooley's Black. 137; State Const. 1870, art. 11, sec. 2; Cooley's Const. Lim. 485, 486, 487; *Walley's Heirs* v. *Kennedy*, 2 Yerg. 554; *Wynehamer* v. *People*, 13 N. Y. 433; *Pumpelly* v. *Green Bay Co.* 13 Wall. 177; Potter's Dwarris on Statutes, 491.

The act is not within the police power of section 29, article 4, of the Constitution. Cooley's Const. Lim. 738, 739.

The right to regulate and control the charges of carriers, warehousemen, etc., rests on the fact that they are exercising a business public in its nature, or one in which the public have an interest. *Ruggles* v. *People*, 91 Ill. 262; *Munn* v. *People*, 94 U. S. 133; *Railway Co.* v. *Jacksonville*, 67 Ill. 40; *King* v. *Davenport*, 98 id. 314; *Lake View* v. *Rose Hill Cemetery Co.* 70 id. 197.

Mr. R. D. Holder, State's Attorney, and Mr. R. A. Halbert, for the People, among other points made the following in the argument:

The constitutionality of the act is attacked on two grounds: First, that it deprives the operator of a coal mine of his property without due process of law; and second, it impairs the obligation of contracts.

We fail to see wherein the operator of a mine is deprived by this act of any property. The act undertakes to do no more than to require the operator of a coal mine to supply the means of ascertaining at the mine the weight of the coal hoisted, before the same is shipped. Mines not located upon a railroad or water-course, and from which no coal is shipped by rail or by water, are excepted from the operation of the act. The act is one of regulation, merely,—fixing the place where the product of the mine is to be weighed, etc. No one will contend that the act fixing weights and measures is unconstitutional. So are markets regulated, and particular

articles allowed to be sold in particular places, only or after license.   Cooley's Const. Lim. 749.

The constitutional provision prohibiting the deprivation of property is not infringed by a proper regulation of a business which may render property used to carry on the business less valuable.   If the business is still allowed to be carried on, and the property used is allowed to exist, and its possession is not disturbed, the owner can not be said to be deprived of his property.   *Munn* v. *People,* 69 Ill. 80.

There is nothing in the act that impairs the obligation of preëxisting contracts.

As to police power, see *Daniels* v. *Hilgard,* 77 Ill. 642; Cooley's Const. Lim. 714; *Dunn* v. *People,* 91 Ill. 141.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an indictment found in the circuit court of St. Clair county, against the defendant, as operator of the White Oak coal mine, in that county, for a failure to put in track scales at said coal mine, as required by the provisions of an act entitled "An act to provide for the weighing of coal at the mines." (Laws of 1883, p. 113.)   The first section of that act provides, "that the owner, agent or operator of each and every coal mine or colliery in this State, shall furnish or cause to be furnished and placed upon the switch or railroad track adjacent to said coal mine or colliery, a 'track scale' of standard manufacture, and shall weigh all coal hoisted from said mine or colliery before or at the time of being loaded on cars, wagons, or other vehicle of transportation," etc.   By section 2, "all coal produced in this State shall be weighed on the scales as above provided, and the weight so determined shall be considered the basis upon which the wages of persons mining coal shall be computed."   Section 3 provides, "it shall be lawful for the miners employed in any coal mine or colliery in this State to furnish a check-

weigher, at their own expense, whose duty it shall be to balance said scales, and see that the coal is properly weighed, and keep a correct account of same, and for this purpose he shall have access at all times to the 'beam-box' of said scale while such weighing is being performed," etc. The provisions of the act are made to apply only to coal miners doing business on and shipping coal by railroad or by water.

On the trial the defendant offered to prove that for nine years prior thereto, and from the time this act went into effect, to the trial, the corporation owning and operating this coal mine had a contract with all the men employed to mine coal in that mine, during that period, to receive as the wages for their labor, from said coal company, the sum of forty cents per box for each box of coal mined and taken from said mine; that all the persons employed in the mine to mine coal for said company had always been, and were then, perfectly satisfied to work under said contract, and that they do not want the coal taken from the mine weighed, as a basis upon which to compute their wages, and do not want to furnish a check-weigher at their own expense to weigh the coal mined by them; that track scales would cost from $800 to $1000. The court excluded the evidence, to which exception was taken. The defendant was found guilty, and fined in the sum of $40, and he appealed to this court.

The statute under which this proceeding is had is assailed by appellant's counsel as unconstitutional. It is said the act in effect deprives every coal operator in the State of the power to make any contracts to have coal mined, except the wages of the persons mining the coal be computed upon the weight of the coal mined, and that the right to make contracts about the free use and enjoyment of one's own private property is a right of property, and secured by the constitutional guaranty that no person shall be deprived of property without due process of law. As we read the statute it is not obnoxious to the objection made. Although section 2 does provide that

38—110 ILL.

the weight determined by weighing on the scales furnished shall be considered the basis upon which the wages of persons mining coal shall be computed, we do not regard this as requiring that in all contracts for the mining of coal the wages of the miners must be computed upon the basis of the weight of the coal mined. That would be a quite arbitrary provision,—seemingly an undue interference with men's right of making contracts; and we can not ascribe to the legislature the making of such an enactment, unless it be plainly declared, which is not done in this case. The act seems to assume the above, according to the weight of the coal mined, to be the mode in which the wages of miners is contracted to be paid, and where that is the mode then the weight determined by weighing on the scales furnished shall be the basis upon which the wages shall be computed. But, as we read the act, it leaves it free for the owner or operator of a coal mine to make contracts with his employes to mine coal for whatever may be agreed upon between them, by the day, week, month, year, or by the box, or in any other manner that may be agreed upon between them. Where the contract is for the paying of wages in some other way than according to the weight of the coal dug, the purpose of the act would seem to fail, and its provisions not to apply. Taking all of its sections together, the design of the act appears to be for the protection of miners who are paid according to the weight of coal dug,—to provide a correct basis, in the determining of the weight, upon which their wages shall be computed. We are of opinion, then, the court erred in the exclusion of the evidence offered, as its admission would have shown a case to which the statute did not apply.

The judgment will be reversed, and the cause remanded.

*Judgment reversed.*