## THE WHITEBREAST FUEL COMPANY

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed October 24, 1898.*

1. MINES—*act relating to pay of miners, approved June 3, 1897, construed.* The act of 1897, relating to pay of miners, (Laws of 1897, p. 270,) is not an attempt to make contracts, but merely a provision for the enforcement of contracts made according to its terms, and does not apply where there is a contract for payment of compensation by a different method than is therein specified.

2. SAME—*what not a violation of act of June 3, 1897.* A mine owner who for several years has paid his miners, as wages, a certain price per ton for screened coal, upon the understanding with them that such price was to pay for coal mined, no price having been agreed upon for nut and slack coal, of which no account was taken, is not guilty of a violation of the act relating to pay of miners, (Laws of 1897, p. 270,) in not paying extra for nut and slack coal.

APPEAL from the Circuit Court of Fulton county; the Hon. JOHN A. GRAY, Judge, presiding.

WILLIAM McNETT, and G. L. MILLER, for appellant.

B. M. CHIPERFIELD, State's Attorney, (FREDERICK M. GRANT, and CLAUDE E. CHIPERFIELD, of counsel,) for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Complaint was made, under oath, before a justice of the peace of Fulton county, charging appellant with a violation of section 1 of an act entitled "An act to pro-

vide for the payment of coal miners for all coal mined by them, and providing additional duties for mine inspectors," in force July 1, 1897, and on a trial before the justice appellant was found guilty and a fine was imposed. On appeal to the circuit court a jury was waived and the case was tried upon an agreed statement of facts, and again resulted in a conviction and the imposition of a fine, and from such judgment the case is brought to this court by appeal.

The section which the defendant was charged with violating is as follows: "That every person engaged in mining coal for any corporation, company, firm or individual shall be paid in lawful money of the United States for all coal mined and loaded into the mine car by such person for such corporation, company, firm or individual, including lump, egg, nut, pea and slack, or such other grades as said coal may be divided into, at such price as may be agreed upon by the respective parties." Laws of 1897, p. 270.

The following are the material facts as stipulated: For seven years prior to July 1, 1897, the defendant had operated a coal mine at Dunfermline, in Fulton county. During that period there was sometimes a demand for what was called "run of the mine" coal, which embraced the entire product as mined, without screening, and a small per cent of the coal produced was sold in that way to meet that demand. For mining that coal each miner received pay at a certain price per ton for the entire coal mined by him and weighed as it came from the mine. About ninety-five per cent of the coal mined was screened for the market, and for such coal the miners were paid a certain price per ton for the screened lump coal, which was a higher price than that paid on the "run of the mine" product, the proportion being about as sixty to forty-five, but where the coal was screened and the higher price paid for the screened lump coal no account was taken of the nut and slack coal screened out and

nothing was paid upon those grades. The miner named in the complaint had been in the employ of defendant at the mine for about six years, and had received his money and made his settlements for mining upon the basis stated, receiving his agreed payment in that way, the same as the other miners.

It is now insisted that the section in question is an invasion of the constitutional right of the employer and employee to contract with each other as to the compensation of the employee and the manner in which it shall be ascertained, and that it is therefore in conflict with the constitution. We are not prepared to say that such is the effect of the act. The provision is, that the owner or operator of a mine shall pay to the miner "at such price as may be agreed upon by the respective parties." It leaves the employer and miner free to contract with each other upon any terms that may be mutually agreeable, without restraint. The agreement may be for a certain rate, according to the time employed or the quantity of coal mined, or upon any other basis. If the compensation is fixed by the amount of coal mined, the act leaves them free to determine the quantity of such coal upon any basis they may see fit. It does not require that it shall be weighed or measured, or compel the parties to adopt any particular mode of ascertaining such quantity. The act does not require that the same price shall be paid for each of the different grades into which the coal may be divided, but only undertakes to require that the employer shall perform his contract by paying at such price as may be agreed upon by the respective parties. We cannot ascribe to the legislature an intention to re-enact, in a somewhat different form, a provision designed to interfere with the freedom of contracting between citizens, and which has been uniformly held to be an encroachment upon the liberty and rights of the laborer and his employer. Before the passage of this act it had been decided that it was not competent for the

legislature to compel owners and operators of coal mines to make their contracts by the weight of the coal mined or to require the laborer to have his wages determined by weight; (*Millett* v. *People,* 117 Ill. 294;) that the act for the payment of wages in lawful money and to prevent the truck system was unconstitutional and void, as an attempted deprivation of the liberty and property right of contracting; (*Frorer* v. *People,* 141 Ill. 171;) that the act requiring the owner and operator of a coal mine to weigh coal in the pit cars before screening, and to pay on such weights, was in violation of the constitution, as an attempt to take from both employer and employee the right to fix, by contract, the amount of wages and the mode in which they should be ascertained; (*Ramsey* v. *People,* 142 Ill. 380;) and that the legislature could not take away from coal miners and their employers the right to ascertain and fix upon the amount due for mining coal in any manner mutually satisfactory to them. (*Harding* v. *People,* 160 Ill. 459.) It appears to have been the design of the legislature to eliminate from this act the objectionable features of former enactments by making contracts enforcible according to their terms, instead of attempting to make contracts for the parties. It is made essential to a violation of this act that a price shall be agreed upon by the respective parties including the various grades of coal specified in the act. In this case a less price was satisfactory to the parties when paid on the basis of "run of the mine" or unscreened coal than when the payment was made on the basis of the screened product. The statement of facts shows that the defendant complied with the terms of its contract and paid the miner named in the complaint according to the understanding of the parties, as was done in the case of *Ramsey* v. *People, supra.* In that case the employer, by contract with the miner, paid for the coal mined at a certain price per ton for the screened coal, substantially in the manner in which the appellant was accustomed to pay by

an understanding with its miners, and the act requiring payment on the weight of coal before it was screened, regardless of the contract, was held to be in violation of the constitution. In *Jones* v. *People*, 110 Ill. 590, an act to provide for weighing coal at the mines was under consideration, and it was said that the act left it free for the owner or operator of the coal mine to make contracts with the miners to mine coal for whatever might be agreed upon between them, and where the contract was for the paying of wages in some other way than that specified in the act its provisions did not apply. We have reached the same conclusion as to this act, and must hold that its provisions do not apply where there is a contract for the payment of compensation by different means or upon a different basis than that specified in the act. To hold otherwise would render the enactment unconstitutional. It has been uniformly decided that a laborer cannot be deprived of the right to make his own contracts and exercise his own judgment as to how much he will receive for his labor and what he will receive as payment.

The agreed statement of facts shows that the defendant paid to the miner named in the complaint for the coal mined by him according to the understanding of the parties, which had been carried out for six years between them; that the higher price per ton paid for screened lump coal was intended by the parties as payment for the coal mined, and that no price had been agreed upon by the parties for the nut and slack coal, of which no account was taken by them. The conviction was wrong under the facts.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*